UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

    Petitioner,

v.

    Case No. 20-cv-11809
    Hon. Matthew F. Leitman

WILLIS CHAPMAN, JEFF LUZIUS,
and NORBERT FRONCZAK,

    Respondents.

_____/

### ORDER (1) DISMISSING HABEAS CORPUS PETITION (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Darrin LaPine is a state prisoner in the custody of the Michigan Department of Corrections. On June 24, 2020, LaPine filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) The Respondents are the warden, librarian, and library technician at the Macomb Correctional Facility in Lenox Township, Michigan where LaPine is incarcerated. (*See id.*, PageID.1.) LaPine asserts that the Respondents are depriving him of his right of access to the courts by preventing him from (1) using the prison law library or (2) acquiring legal materials, such as case law, by other means. Because this is not a proper claim for a habeas corpus petition brought under Section 2241, the Court will **DISMISS** the petition **WITHOUT PREJUDICE**.

# I

LaPine alleges that, due to pending litigation in state and federal court, he needs continuous access to a legal website, case law, and other legal materials. (*See id.*, PageID.1-2.) He claims that even though he asked the Respondents thirty-four times during a ninety-day period to provide him with access to legal materials, the Respondents have denied his requests and refused to deliver copies of case law to him. (*See id.*, PageID.2.) LaPine also asserts that the Respondents have not answered his administrative grievances and that two of their policy directives are unconstitutional. (*See id.*, PageID.2-3.) He seeks (1) a declaration that his constitutional rights are being infringed upon and (2) an immediate order directing the Respondents to provide him with access to a law library, case law, legal websites, and other materials that he insists he needs to litigate his pending cases. (*See id.*, PageID.3.)

Under 28 U.S.C. § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." LaPine is alleging a violation of his constitutional right of access to the courts, but "the heart of habeas corpus" is a challenge to the fact or duration of physical confinement and a request for "immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's

confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to [42 U.S.C.] § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (*per curiam*), and *Preiser,* 411 U.S. 498–499); *accord Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006) (stating that "a habeas corpus proceeding does not extend to the conditions of confinement"); *Allen v. Lamanna*, 13 F. App'x 308, 311 (6th Cir. 2001) (stating that a Section 2241 habeas petition may not be used to challenge the conditions of confinement, including the alleged denial of access to the courts).

For all of the reasons stated above, because LaPine has not challenged the fact or duration of his confinement, and instead challenges only the conditions of his confinement, he has not established an entitlement to habeas relief. The Court will therefore dismiss his petition without prejudice in order to provide him the opportunity to raise his claims in a Section 1983 civil-rights action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II

Before LaPine may appeal this Court's decision, he must obtain a certificate of appealability which requires a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this denial, LaPine must show that reasonable jurists could debate whether the petition should have been resolved

3

in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States* 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that LaPine has not brought a proper claim for relief under Section 2241. The Court therefore **DENIES** LaPine a certificate of appealability.

Finally, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Here, an appeal could not be taken in good faith. Accordingly, the Court **DENIES** LaPine permission to proceed *in forma pauperis* on appeal.

## IV

For the reasons stated above, the Court (1) **DISMISSES** LaPine's habeas petition (ECF No. 1) **WITHOUT PREJUDICE**, (2) **DENIES** LaPine a certificate of appealability, and (3) **DENIES** LaPine permission to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761